UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAULA M. RANALLO | : | |
| | : | |
| v. | : | C.A. No. 08-02S |
| | : | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is presently before the Court on a Motion to Dismiss (Document No. 5) (the "Motion") filed by Defendant Michael J. Astrue, Commissioner of the Social Security Administration (the "Commissioner"). Defendant seeks dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P.12(b)(1). Plaintiff Paula M. Ranallo ("Plaintiff") filed a timely Objection to the Commissioner's Motion (the "Objection"). (Document No. 6).

The Motion has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72. A hearing was held on May 21, 2008. After reviewing the Motion and the Objection, in addition to performing independent research, this Court recommends that the Commissioner's Motion to Dismiss (Document No. 5) be DENIED.

**Background**

On November 12, 2004, Plaintiff filed concurrent applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Document No. 5-2; Aff. of Paul Halse, ¶ 4(a). Plaintiff was granted SSI on March 7, 2005 and denied DIB on March 8, 2005. Id. Plaintiff was found disabled for SSI purposes as of November 12, 2004 due to a mental

impairment, i.e., an "affective disorder." Id. Plaintiff was not found disabled for DIB purposes as of her date last insured, i.e., June 30, 2000. Id. Plaintiff did not appeal the DIB denial of March 8, 2005. Id. Plaintiff was not represented by counsel at that time. Id., Document No. 5-2 at 14.

Subsequently, on October 7, 2005, Plaintiff filed another application for DIB alleging disability as of January 1, 2000. Id., ¶ 4(b). This application was denied on the merits initially and on reconsideration. Id. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Id. Document No. 6-4. On January 29, 2007, the Chief ALJ sent a letter to Plaintiff's counsel confirming receipt of the request for hearing and advising "[w]e will mail a Notice of Hearing to you..." and that "[t]he Notice of Hearing will state the issues the ALJ plans to consider at the hearing." Id. The letter also discussed the procedure for providing additional evidence and indicated that evidence "may be brought to the hearing." Id. A Notice of Hearing was never issued to Plaintiff and an ALJ hearing was never held. Rather, on April 25, 2007, ALJ Gerald Resnick issued an Order dismissing Plaintiff's request for hearing on res judicata grounds. Aff. of Halse, ¶ 4(b). In his Order, the ALJ applied Social Security Ruling ("SSR") 91-5p[1] and found that "the deadline for requesting review should not be extended...because at the time of the previous determination, [Plaintiff] had the mental capacity to understand the procedures for requesting review." Document No. 5-2 at 13. Without the benefit of a hearing, the ALJ found that "there is no evidence that [Plaintiff's] mental impairment prevented her from timely filing a request for reconsideration." Id. The ALJ also noted that Plaintiff's counsel had not submitted any evidence despite being requested to do so "in a letter dated January 29, 2007." Id. at 14. The ALJ did not,

[1] SSR 91-5p was "issued to avoid the improper application of res judicata...when the evidence establishes that a claimant lacked the mental capacity to understand the procedures for requesting review" and "to clarify [the Commissioner's] policy on establishing good cause for missing the deadline to request review." Social Security Ruling 91-5P, 1991 WL 208067, reprinted in West's Social Security Reporting Service Rulings 1983-1991 at 809.

however, point out that the letter also informed Plaintiff's counsel that "[a]t the hearing, you and your client may present her case to the ALJ who will hear and decide it," that the "Notice of Hearing will state the issues the ALJ plans to consider at the hearing," and that evidence "may be brought to the hearing." Document No. 6-4. As noted above, a "Notice of Hearing" was not issued, and an ALJ hearing was not held.

**Standard of Review**

Defendant has moved to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) is subject to the same standard of review as applicable to a motion under Rule 12(b)(6). See Masterson v. United States, 200 F. Supp. 2d 94, 97 (D.R.I. 2002) citing Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir.1994). In ruling on such a motion, the Court construes the complaint in the light most favorable to the plaintiff, taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences. Id. See also Morey v. Rhode Island, 359 F. Supp. 2d 71, 74 (D.R.I. 2005). The Court will dismiss the claims only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Masterson, 200 F. Supp. 2d at 97.

**Discussion**

Plaintiff brought this action to "review [the Commissioner's] dismissal of [her] application" for DIB. Document No. 1, ¶ 1. Although Plaintiff concedes that the dismissal "may not constitute a final decision" reviewable under 42 U.S.C. § 405(g), she predicates jurisdiction on her assertion of a "colorable constitutional claim." Id., ¶¶ 2-3. In particular, Plaintiff asserts that:

(1) she was "mentally ill and unable...to take appropriate action to appeal her March 8, 2005 denial of benefits," id., ¶ 7;

(2) the ALJ's determination that she had the mental capacity to understand and act on her appeal rights is not supported by substantial evidence, id., ¶ 8; and

(3) the ALJ's dismissal of her "request for hearing without allowing her the opportunity to appear at a hearing on the issue of her mental capacity to appeal...amounted to a denial of her right to due process," id., ¶ 9.

Plaintiff seeks an order vacating the ALJ's dismissal and remanding the case for a hearing on the issue of her mental capacity to understand and act on her right to appeal the denial of the original March 8, 2005 DIB application. Id.

The Commissioner challenges subject matter jurisdiction and argues that "[a]bsent a colorable constitutional claim, this Court does not have jurisdiction to review the ALJ's decision to dismiss Plaintiff's request for a hearing on grounds of res judicata since such a decision does not constitute a final decision of the Commissioner made after a hearing." Document No. 5 at 5. Thus, the issue is whether Plaintiff has alleged a colorable constitutional claim. Since Plaintiff has done so, I recommend that the Commissioner's Motion to Dismiss be DENIED.

Although the First Circuit has not squarely addressed this issue, other circuits have held that a claimant's "contention that his mental illness precluded him from litigating his claim for disability benefits because it prevented him from proceeding in a timely fashion from one administrative level to the next raises a colorable constitutional claim." Elchediak v. Heckler, 750 F.2d 892 (11th Cir. 1985) (per curiam). See also Stieberger v. Apfel, 134 F.3d 37, 38-41 (2nd Cir. 1997) (recognizing existence of due process claim involving federal jurisdiction "upon a particularized allegation of mental impairment plausibly of sufficient severity to impair comprehension.").

Plaintiff's Complaint does not, on its face, make a "particularized" allegation of diminished "mental capacity" as contemplated by SSR 91-5p. Rather, Plaintiff generally alleges she was "mentally ill and unable to understand" her appeal rights and that the denial of a hearing by the ALJ violated her "right to due process." Document No. 1, ¶¶ 7, 9. However, both sides have submitted portions of the administrative record in support of their positions which can be considered in evaluating subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). See Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002). These materials flesh out the administrative history underlying Plaintiff's allegation and demonstrate the existence of a colorable constitutional claim.

In making this recommendation, I do not suggest that every claimant who alleges in a conclusory fashion that a mental illness or disorder prevented her from understanding and acting on her appeal rights raises a "colorable" constitutional claim. However, the particular facts and procedural history present here are sufficient to do so. For instance, the Commissioner approved Plaintiff for SSI as of November 12, 2004 due to the existence of a mental impairment. In other words, Plaintiff was found disabled at least from November 12, 2004 through the date of the SSI decision, i.e., March 7, 2005. The decision which Plaintiff failed to appeal was issued on March 8, 2005. Plaintiff was not represented by counsel at the time. The ALJ made a factual finding as to Plaintiff's mental capacity to understand the appeal procedures without giving Plaintiff notice that the issue would be considered and a reasonable opportunity to be heard. In fact, the Chief ALJ informed Plaintiff's counsel by letter that a "Notice of Hearing" was forthcoming which would "state the issues the ALJ plans to consider at the hearing." It also advised that Plaintiff would be able to "present her case to the ALJ" at the hearing and that "[e]vidence you cannot get to us before the hearing may be brought to the hearing." Without notice to Plaintiff and an opportunity to be

heard, the ALJ dismissed Plaintiff's request for hearing and Plaintiff alleges that the ALJ made an unsupported factual finding as to her mental capacity in violation of her due process rights. Plaintiff has made a sufficient showing to establish subject matter jurisdiction.

Plaintiff's position is supported by Judge Barbadoro's decision in Blake v. Soc. Sec. Admin., No. Civ. 02-112-B, 2003 WL 22703220 (D.N.H. Nov. 14, 2003) ("Blake II"). The claimant in Blake brought a due process challenge to an ALJ's decision under SSR 91-5p that his alleged mental illness did not sufficiently impair his ability to comprehend and utilize the appeal process. Blake v. Barnhart, No. CIV. 02-112-B, 2003 WL 1343021 at *3 (D.N.H. March 18, 2003) ("Blake I"). In Blake I, Judge Barbadoro denied the Commissioner's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) as the claimant had raised a "colorable constitutional claim." Subsequently, in Blake II, he granted a remand for a further hearing because the claimant "was not given a reasonable opportunity to prove his contention before an [ALJ]" and, in particular, that the ALJ failed to put the claimant on notice as to the nature of the res judicata inquiry, to inquire of the claimant as to his mental capacity at the relevant time, and to adequately develop the record. Blake II, 2003 WL 22703220 at *1, 3. Although a motion to remand is not presently before the Court, the reasoning of Blake II supports the existence of a colorable constitutional claim in this case.

**Conclusion**

For the reasons discussed above, I recommend that the Commissioner's Motion to Dismiss (Document No. 5) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District

Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 27, 2008